### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIREMAN'S INSURANCE COMPANY OF WASHINGTON, D.C., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:19-cv-02912-JMG |
| | : | |
| ERIE INSURANCE PROPERTY & CASUALTY COMPANY, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                   **April 5, 2021**

Plaintiff Fireman's Insurance Company of Washington, D.C. ("Fireman's"), brings this declaratory judgment action against Defendants Erie Insurance Property & Casualty Company and Erie Indemnity Company (collectively, "Erie") to resolve an insurance dispute. Presently before the Court are cross-motions for summary judgment. For the reasons that follow, we will deny Fireman's motion, and will grant in part and deny in part Erie's motion.

## I.      BACKGROUND

In 2009, Perrotto Builders, Ltd. ("Perrotto") was engaged as a general contractor for the construction of a parking garage in Lancaster, Pennsylvania. Pl.'s Statement of Facts ¶¶ 4–5, ECF No. 42-1. Perrotto subcontracted with Mar-Allen Concrete Products, Inc. ("Mar-Allen") and B.R. Kreider & Son, Inc. ("Kreider") to perform excavation work for the project. *Id.* ¶¶ 6–7. Kreider agreed to name Perrotto as an additional insured on its liability insurance policy, which was issued by Plaintiff. *Id.* ¶¶ 34–36. Likewise, Mar-Allen agreed to name Perrotto as an additional insured on its liability insurance policies. *Id.* ¶ 26. At the time, Mar-Allen had a general liability policy and an excess policy. *Id.* ¶ 41. Plaintiff contends that Mar-Allen's

policies were issued by Defendants (*see, e.g.*, Pl.'s Opp'n 9, ECF No. 46-2), while Defendants

assert that Erie Insurance Exchange, a reciprocal insurance exchange organized under

Pennsylvania law,[1] issued the subject policies (*see, e.g.*, Defs.' Mot. 12, ECF No. 44).[2]

While work on the parking garage was underway, the Lancaster Museum of Art building

("LMA Building"), located adjacent to the construction project, partially collapsed.  Pl.'s

Statement of Facts ¶ 18, ECF No. 42-1.  Mar-Allen was on-site and had just finished applying

concrete to the north foundation wall of the LMA Building.  *Id.* ¶¶ 21–23.

The collapse prompted a wave of litigation against Perrotto.  *Id.* ¶¶ 28–31.  Plaintiff has

been defending Perrotto in these lawsuits under the terms of the Perrotto—Kreider subcontract,

which named Perrotto as an additional insured under Plaintiff's policy.  *Id.* ¶¶ 35, 39.  Plaintiff

now seeks a declaration that Defendants are contractually obligated to defend Perrotto in these

lawsuits and split with Plaintiff all costs incurred in the defense of Perrotto.  Pl.'s Mot. 23–24,

ECF No. 42-15.  Defendants similarly bring a counterclaim for declaratory relief.  Defs.'

Countercl. ¶¶ 1–19, ECF No. 32.  The parties have filed cross-motions for summary judgment.[3]

---

[1]     A reciprocal insurance exchange "is an unincorporated business organization of a special
character in which the participants, called subscribers . . . are both insurers and insureds."  *Amato v. AAA
Interinsurance Exch. of the Auto. Club*, No. 2:20-cv-00684, 2020 WL 7222769, at *4 (W.D. Pa. Dec. 8,
2020) (internal quotation marks and citation omitted).  For purposes of diversity jurisdiction, the
citizenship of a reciprocal insurance exchange is "based on the domicile of each of its subscribers."  *Id.* at
*5.

[2]     The relationship between the several Erie entities is convoluted.  However, it is clear that Erie
Indemnity Company serves as the attorney-in-fact for Erie Insurance Exchange.  *See, e.g.*, McGaw Suppl.
Decl. ¶ 10, ECF No. 42-12 ("Erie Indemnity Company acts as Attorney-in-Fact for Erie Insurance
Exchange pursuant to Subscriber Agreements . . . ."); McGaw Dep. 55:21–24, ECF No. 44-1.

[3]     Because both parties seek declaratory relief, jurisdiction in this case is premised on the Federal
Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a) (2020) ("In a case of actual controversy within its
jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the
rights and other legal relations of any interested party seeking such declaration, whether or not further
relief is or could be sought.").

## II.     DISCUSSION

"The guidelines governing summary judgment are identical when addressing cross-motions for summary judgment.  When confronted with cross-motions for summary judgment, [t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Jarzyna v. Home Props., L.P.*, 114 F. Supp. 3d 243, 252 (E.D. Pa. 2015) (internal quotation marks and citations omitted).

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Material facts are those "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute as to material facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).  "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

Both parties have moved for summary judgment on Plaintiff's three claims for declaratory relief.  At the outset, Defendants argue that Plaintiff has sued the wrong entities. Defs.' Mot. 11–13, ECF No. 44.  They contend that Erie Insurance Exchange, which is not named in this suit, issued the subject insurance policies and is the real party in interest. *Id.* Plaintiff maintains that it brought the proper parties before the court. *See* Pl.'s Opp'n 9–20, ECF No. 46-2.

We agree with Defendants.  The undisputed facts establish that Erie Insurance Exchange is Mar-Allen's insurer.  Mar-Allen's certificate of liability insurance names Erie Insurance Exchange as the insurer.  *See* Pl.'s Statement of Facts Ex. 3, at 26, ECF No. 42-4.  The policy itself describes Erie Indemnity Company as the "attorney-in-fact" for Erie Insurance Exchange. *See* Pl.'s Statement of Facts Ex. 4, at 32, ECF No. 42-5.  And a witness from Erie Indemnity Company made clear that Erie Indemnity Company does *not* offer insurance policies—Erie Insurance Exchange instead issues insurance, including the policies at issue in this case.  *See* McGaw Suppl. Decl. ¶¶ 9–10, 15–21, ECF No. 42-12.

Plaintiff has sued the wrong parties, so we will deny its motion for summary judgment and grant Defendants' cross-motion on that basis.[4]  *See McDaniel v. City of Lewistown*, No. 1:CV-09-00276, 2009 WL 2998060, at *5 (M.D. Pa. Sept. 16, 2009) (granting defendant's motion to dismiss, converted into a motion for summary judgment, because plaintiff sued wrong entity); *Clark v. Marriott Env't Servs.*, Civ. A. No. 93-3279, 1994 WL 6884, at *1 (E.D. Pa. Jan. 6, 1994) (granting defendant's motion for summary judgment where plaintiff sued wrong entity).

Defendants also move for summary judgment on their counterclaim, which requests declarations on five separate issues.  *See* Countercl. ¶ 19, ECF No. 32.  Their first two requests are rendered moot by our entry of judgment against Plaintiff.[5]  The remaining three requests seek

---

[4]      Our conclusion—that Plaintiff has sued the wrong Erie entity—comports with other cases to consider the same issue.  *See, e.g.*, *McGee v. Ward Mem'l Afr. Methodist Episcopal Church*, 346 F. Supp. 3d 131, 140 (D.D.C. 2018) ("[Plaintiff] is suing Erie Indemnity Company to enforce the Policy, in search of insurance payments that only the *insurer* can be liable for.  Erie Indemnity is not her insurer."); *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010) ("[T]he documents before the Court clearly indicate that Erie Insurance Exchange issued the policy upon which [plaintiff] now relies in this dispute.").  These cases make clear that "[i]nsured parties cannot sue their insurer's attorney to enforce the insurer's obligations."  *McGee*, 346 F. Supp. 3d at 140 n.6.

[5]      Defendants first request a declaration that "Erie Insurance Exchange, and not Erie Insurance Property & Casualty Company or Erie Indemnity Company, issued the relevant policies . . . to . . . Mar-Allen Concrete Products, Inc."  Countercl. ¶ 19(a), ECF No. 32.  Defendants next request a declaration

to establish the contractual rights and obligations of Erie Insurance Exchange.  Erie Insurance

Exchange is not before us, and Defendants lack standing to pursue claims on its behalf.  *See*

*Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 193 (3d Cir. 2004) ("A plaintiff seeking a

declaratory judgment must possess constitutional standing . . . ."); *see also W.R. Huff Asset*

*Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[A] mere power-

of-attorney—*i.e.*, an instrument that authorizes the grantee to act as an agent or an attorney-in-

fact for the grantor—does not confer standing to sue in the holder's own right . . . ." (internal

citation omitted)).  Therefore, we will dismiss Defendants' remaining requests for declaratory

relief and will deny the motion for summary judgment on their counterclaim.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**, and

Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part.

Defendants' first two requests for declaratory relief are **DISMISSED** as moot, and their

remaining requests for declaratory relief are **DISMISSED** for lack of standing.  An appropriate

order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

that "Fireman's lacks standing to bring its present lawsuit."  *Id.* ¶ 19(b).  These requests are rendered
moot by our conclusion that Fireman's has sued the wrong parties.